IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ANDREA MESSIMER | ) | Civil Action |
| On behalf of herself and all others | ) | |
| similarly situated | ) | CLASS ACTION |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | JUDGE: |
| | ) | |
| BAMBOO CLUB, INC. | ) | **JURY TRIAL DEMANDED** |
| C/O NRAI Services, Inc. | ) | |
| 2731 Executive Park Drive, #4 | ) | |
| Weston, FL  33331 | ) | |
| | ) | |
|     Defendants. | ) | |

**CLASS ACTION COMPLAINT**

Comes now Plaintiff Andrea Messimer, on behalf of herself and all others similarly situated and alleges as follows:

**INTRODUCTION**

1.　In 2003, Congress passed and the President signed, the Fair and Accurate Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

2.　A main provision of the FACTA (codified as 15 U.S.C. § 1681 c (g) of the Fair Credit Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

1

3. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Although Defendant (defined below) had up to three years to comply, Defendant has willfully violated this law and failed to protect Plaintiff and others similarly situated against identify theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendant.

4. Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§ 1681 *et seq.*

5. Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Defendant's headquarters are located, and the defendant does business in this judicial district.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that a substantial part of the acts and omissions giving rise to the claims occurred in this district.

9. Plaintiff, Andrea Messimer, is and at all times relevant hereto was a resident of Bradenton, Manatee County, Florida.

10. Defendant Bamboo Club, Inc. is a corporation organized under the laws of Arizona authorized to conduct business in Florida, has registered the trade name "Bamboo Club" in Florida, and operates one or more restaurants in this judicial district under the trade name of "Bamboo Club". "Defendant" means Bamboo Club, Inc. and

defendants Does 1 through 10.  Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

11.   Plaintiff is unaware of the true names of defendants Does 1 through 10.  Said defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 10 when the true names are ascertained, or as permitted by law or by the Court.

12.   Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

13.   Plaintiff seeks to represent a class of persons to be defined as follows:

> With respect to any cash register or other machine that electronically prints receipts for credit card or debit card transactions that was in use prior to January 1, 2005: all persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, on which Defendant printed 1) more than the last five digits of the person credit card or debit card number, and/or, 2) the expiration date of the person's credit card number; and/or

> With respect to any cash register or other machine that electronically prints receipts for credit card or debit card transactions that was first put into use on or after January 1, 2005: all persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after such machine was put into use, on which Defendant printed 1) more than the last five digits of the person credit card or debit card number, and/or 2) the expiration date of the person's credit card number.

14.   <u>Numerosity:</u>   The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both parties and this Court.

15. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the class described above.

16. The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's sales and transaction records.

17. Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

18. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

19. Plaintiff and members of the class were each customers of Defendant, each having made a purchase of food and/or drink, or transacted other business with Defendant at an applicable time using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and members of the class, Defendant provided to Plaintiff and each member of the class a receipt in violation of 15 U.S.C. § 1681c(g).

20. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class.

The questions of fact and law common to the class predominate over questions that may affect individual members and include the following:

    a. Whether Defendant's conduct of providing Plaintiff and the members of the class with a sales of transaction receipt whereon Defendant printed more than the last five digits of the credit card or debit card and/or the expiration date of the credit card or debit card violated the FACTA, 15 U.S.C. §§ 1681 et seq.;

    b. Whether Defendant's conduct was willful;

    c. Whether Plaintiff and members of the class are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendant's acts and conduct;

21.     <u>Adequacy of Representation</u>: Plaintiff is an adequate representation of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

22.     <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the class.  While the aggregate damages which may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class.  The likelihood of the individual members of the class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
**For violation of 15 U.S.C. §§ 1681** *et seq.*
**(On Behalf of Plaintiff and the Members of the Class)**

23.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

24.     Plaintiff asserts this claim on behalf of herself and the class against Defendant
.

25. Title 15 U.S.C. § 1681c(g)(1) provides that:

…no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

26. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1).

27. With respect to machines that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 4, 2006.

28. Defendant transacts business in the United States and accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the members of the class. In transacting such business, Defendant uses registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

29. On February 25, 2008, after the effective date of the statute, Defendant, through Bamboo Club #2004 located at 2223 NW Shore Blvd, Tampa, Florida 33607 electronically printed receipt on which Defendant printed more than the last five digits of plaintiff's credit card. Specifically, Defendant printed the last four (4) numbers of the card <u>AND</u> the expiration date of the card. Such action violates FACTA. A copy of such receipt is attached hereto as Exhibit A.

30. Defendant, at the point of a sale or transaction with members of the class, provided either: a) through use of a machine that was first put into use on or after January 1, 2005, at any time after such date; or b) through any machine at any time after December 4, 2006, each member of the class with one or more electronically printed receipts on each of which Defendant printed, for each respective class member, more than five digits of such member's credit card or debit card number and/or printed the expiration date of such member's credit or debit card.

31. As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

6

32.     Defendant knew of, or should have known of, and was informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.  For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and the prohibition on the printing of expiration dates, and Defendant's need to comply with the same.

33.     Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had up to more than three years to comply with FACTA's requirements, Defendant willfully violated and continues to violate FACTA's requirements by, *inter alia*, printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to members of the class – persons with whom Defendant transacts business.

34.     Many of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders.  Defendant could have readily done the same.

35.     In contrast, Defendant willfully disregarded FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA.

36.     Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the class thereby exposing Plaintiff and the members of the class to an increased risk of identity theft and credit and/or debit card fraud.

37.     As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff and each member of the class in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation.  15 U.S.C. §1681n(a)(1)(A).

WHEREFORE, Plaintiff requests the following relief:

A) that this Court certify a class persons for this litigation as defined in Paragraph 14 herein pursuant to Federal Civil Rule 23(a)(b) and (c);

B) that this Court appoint as a representative of a class for purposes of this litigation Andrea Messimer and find her to be a fully adequate representative of the class members;

C) that this Court appoint the undersigned counsel for the certified class;

D) that this Court grant a preliminary and permanent junction against Defendant prohibiting them from continuing to engage in the activity complained of herein:

E) that Plaintiff and the certified class members be awarded monetary damages in an amount to be determined at Trial;

F) that Plaintiff and the certified class be awarded punitive damages in an amount to be determined at Trial;

G) that this Court award attorney's fees to counsel for the class in an amount to be set forth in a petition for fees after Trial of the case; and

H) for what other and further relief the Court determines to be just and reasonable.

Respectfully submitted,

 /s/ Edward F. Siegel_____
Edward F. Siegel (0012912)
27600 Chagrin Blvd., Ste. 340
Cleveland, OH 44122
 (216) 831-3424
 (216) 831-6584 (fax)
efsiegel@efs-law.com

<div style="margin-left: 40%;">
Attorney for Plaintiff  
___/s/Edward W. Cochran_____  
Edward W. Cochran (Ohio Bar 0032942)  
20030 Marchmont Rd.  
Cleveland, Ohio 44122  
(216) 751-5546/Fax: (216) 751-6630  
edwardcochran@adelphia.net
</div>

### *JURY DEMAND*

Plaintiff respectfully demands a trial by jury as to all issues triable to a jury contained herein.

<div style="margin-left: 40%;">
___/s/ Edward F. Siegel_____  
Edward F. Siegel (0012912)  
Attorney for Plaintiff
</div>